IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                                          No. 21-CR-00225-KWR

ANTHONY GARCIA,

        Defendant.

### MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

THIS MATTER comes before the Court upon Defendant Anthony Garcia's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), Doc. 101. Having reviewed the parties' briefs and applicable law, the Court finds that Defendant's motion is not well taken, and therefore, is **DENIED**.

### BACKGROUND

Defendant Anthony Garcia pleaded guilty for attempted possession with an intent to distribute 100 grams or more of heroin and attempted possession with an intent to distribute 40 grams or more of fentanyl in violation of 21 U.S.C. § 846. Doc. 86. On May 2, 2022, the Court sentenced Defendant to a term of 120 months to run concurrently with a sentence imposed for violating the terms of his supervised release. Doc. 86. Defendant is currently located at the Federal Correctional Complex in Florence, Colorado ("FCC Florence"). Doc. 101 at 1.

The Court previously denied Defendant's motion asking for a sentence reduction under the United States Sentencing Commission's retroactive Amendment 821 and 18 U.S.C. § 3582(c)(2).

1

Doc. 100. Defendant now moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Doc. 101.

## DISCUSSION

The First Step Act amended 18 U.S.C. § 3582(c)(1) "to allow defendants to file motions for sentence reduction on their own behalf." *United States v. Maumau*, 993 F.3d 821, 826 (10th Cir. 2021). But the statute carries with it an exhaustion requirement: A defendant can motion a district court to reduce their sentence only "after [1] the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Until a defendant satisfies the exhaustion requirement, a district court cannot grant their motion for compassionate release. *See United States v. Hemmelgarn*, 15 F.4th 1027, 1030 (10th Cir. 2021).

In his motion for compassionate release, Defendant briefly argues that he satisfied the exhaustion requirement because he "previously submitted a request for compassionate release to Warden Lepe at Florence" and "[m]ore than 30 days have lapsed since that submission." Doc. 101 at 2. Defendant, however, does not provide the Court with any documentation of exhaustion. At the same time, the United States provides a sworn declaration from the Deputy Case Management Coordinator for the Federal Bureau of Prisons in FCC Florence (the facility where Defendant allegedly submitted a request for compassionate release) stating that, after reviewing "all available databases, records, and information, . . . there is no record or other indication that a RIS [reduction in sentence] application was properly submitted by, or on behalf of, inmate Anthony Garcia . . . while incarcerated within FCC Florence." *See* Ex. 1 at 1–2. On this record and without any proof

2

of exhaustion, the Court cannot find that Defendant exhausted his administrative rights. *See, e.g.*, *Hemmelgarn*, 15 F.4th at 1030 (explaining that a defendant must "provide proof of exhaustion").

Defendant's failure to establish that he satisfied the statutory exhaustion requirement is fatal to his motion for compassionate release. The exhaustion requirement is a "mandatory claim-processing rule." *Hemmelgarn*, 15 F.4th at 1030–31; *see also Santos-Zacaria v. Garland*, 598 U.S. 411, 417 (2023) ("[A]n exhaustion requirement . . . is a quintessential claim-processing rule."). "These are rules that seek to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times." *Henderson ex re. Henderson v. Shinseki*, 562 U.S. 428, 435 (2011). "[A] court must enforce [a claim-processing rule] if a party properly raises it." *Fort Bend Cnty., Tex. V. Davis*, 587 U.S. 541, 548–49 (2019) (citing *Eberhart v. United States*, 546 U.S. 12, 19 (2005) (per curiam)) (cleaned up); *see also Hamer v. Neighborhood Hous. Servs. of Chi.*, 583 U.S. 17, 20 (2017) ("If properly invoked, mandatory claim-processing rules must be enforced, but they may be waived or forfeited."). Here, the United States properly raised an objection on exhaustion grounds to Defendant's request for compassionate release, Doc. 102 at 4–6, and as a result, the Court must enforce § 3582(c)(1)(A)'s exhaustion requirement.

## CONCLUSION

Accordingly, the Court **DENIES** Defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). This denial is without prejudice.

It is **SO ORDERED**.

/S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE